37225. BUTTRUM *v.* BUTTRUM, by Next Friend.

NICHOLS, Judge. Curt Buttrum, by his grandfather Will Buttrum as next friend, sued his father, J. C. Buttrum, to recover for injuries received in a collision between an automobile being driven by his father and a truck. In the petition as finally amended it was alleged in part: "On September 28, 1957, at about 8:30 p.m. petitioner, Curt Buttrum, was riding with his father, the defendant, on the right side of front seat of 1956 model Ford automobile, driven by said defendant in a southerly direction along U.S. Highway 411, in the incorporated town of White, Bartow County, Georgia. Said highway was straight, level black top and slippery wet and said defendant drove said automobile into the rear end of a pulpwood truck with such force and violence that said car traveled 105 feet after said collision before coming to a stop. The said pulpwood truck was a 1947 Ford, one and one half ton truck owned by Homer Ledford; said truck was moving south at about 15 miles per hour on the right side of the paved portion of said highway in front of the store of R. A. Daniel, and says after said car struck the rear end of said truck the momentum of said car carried it and said truck a distance of 105 feet south before coming to a stop on the right shoulder of said highway. The defendant was operating said automobile at said time and place while under the influence of intoxicating liquors, making it less safe for him to operate said car, and in violation of Section 68-1625 (a) of the Code of Georgia; was operating said automobile at a speed of from 50 to 65 miles per hour in violation of Section 68-1626 (b)—(1 and 2) and (c) of said

Code; and failed to turn his car to the right or left, the way being clear and unobstructed on each side of said truck, so as to avoid hitting said truck but ran same into said truck in violation of Section 68-1635 (c) of said Code; and failed to have his automobile under proper control, contrary to the laws in such cases made and provided; and failed to reduce speed of the said automobile as he approached the said truck. Petitioner says that all of said acts on the part of the defendant were wilful, malicious, wanton and negligent acts, endangering the life, limb and health of petitioner and the sole and proximate causes of his injuries [which injuries were alleged] and constituted such cruel treatment of petitioner by defendant as did forfeit parental control of defendant over petitioner." The defendant's general and special demurrers to the petition as amended were overruled and it is to this judgment that the defendant excepts. *Held:*

1. The defendant's special demurrers to the plaintiff's petition were met by amendment and the trial court therefore properly overruled such special demurrers.

2. "While, under the public policy of this State, an unemancipated minor child has no cause of action against a parent for simple negligence, such child may maintain an action for personal injury against a parent for a wilful or malicious act, provided it is such an act of cruelty as to authorize forfeiture of parental authority." *Wright* v. *Wright*, 85 *Ga. App.* 721 (2) (70 S. E. 2d 152).

3. The petition, as finally amended, in the present case, under the law announced in the well considered opinion written by Judge Townsend in the case of *Wright* v. *Wright*, 85 *Ga. App.* 721, supra, was not subject to the defendant's general demurrers, and the judgment of the trial court overruling such demurrers is affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED SEPTEMBER 5, 1958—REHEARING DENIED SEPTEMBER 22, 1958.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for plaintiff in error.

*Pittman & Crowe, C. C. Pittman,* contra.